In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-2323

EDWARD D. ANDERSON,

*Petitioner-Appellant,*

*v.*

DANIEL BENIK,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 04 C 831—**Barbara B. Crabb**, *Chief Judge.*

ARGUED SEPTEMBER 25, 2006—DECIDED DECEMBER 20, 2006

Before BAUER, KANNE, and WOOD, *Circuit Judges.*

KANNE, *Circuit Judge.* Edward Anderson, a state prisoner in Wisconsin, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a February 5, 2001 parole revocation. Anderson argues that his substantive due process rights were violated by the manner in which Wisconsin corrections officials applied his pre-sentence credits. If the credits had been applied in the manner Anderson proposes, his 1992 and 1995 sentences would both have expired before he was arrested for violating his parole in 1999. The resulting parole revocation caused a domino-effect of sorts, pushing back the

consecutive prison terms, totaling thirty-seven years, that he is now serving. Anderson has procedurally defaulted his federal constitutional claim by failing to fairly present it in state court. We therefore affirm the district court's dismissal of his petition for a writ of habeas corpus.

## I. BACKGROUND

In 1992, Anderson was sentenced to five years' imprisonment for robbery and an additional nine months' imprisonment for battery with the sentences to run concurrently with each other and concurrently with any others previously imposed. At that time, the court did not award Anderson credit for the 294 days he spent in custody prior to his sentencing as Wisconsin law provides. *See* WIS. STAT. § 973.155. Anderson served his sentence in state prison until he was paroled in October 1994.[1] In May 1995, Anderson was arrested in Milwaukee and the parole granted on his 1992 sentence was subsequently revoked. In August 1995, Anderson was sentenced to one year's imprisonment for fleeing an officer and one year's imprisonment for escape, to be served consecutively to any other sentence.

Anderson was once again paroled in September 1996, and remained on parole until he was arrested for parole violations in August 1999. By this time, Anderson had drawn the state court's attention to the 294 days of credit he was never granted. In December 1999, the court ordered this time credited to Anderson's 1992 sentence. His parole on this sentence was revoked on April 13, 2000 and Anderson was reincarcerated. Corrections officials did not apply Anderson's 294 days' credit until June 1, 2000.

---

[1]   During this period, Anderson served his time in New Jersey, concurrently with another sentence.

Anderson was again taken into custody for parole violations in November 2000, and his parole granted on the 1995 sentence was revoked on February 5, 2001.

Anderson exhausted his administrative remedies on the February 5, 2001 parole revocation and filed a petition for a writ of habeas corpus in the Milwaukee County Circuit Court. The court construed the petition as one for a writ of certiorari and denied the petition. Anderson appealed the decision, arguing that his 294 days' credit was improperly applied and that if it had been properly applied, both his 1992 and 1995 sentences would have expired before he was arrested for parole violations in November 2000. Anderson relied only on Wisconsin state law, namely WIS. STAT. § 973.155. The court of appeals rejected his argument and determined that he was properly awarded his pre-sentence credits under Wisconsin law. The Wisconsin Supreme Court denied Anderson's petition for review. In the meantime, Anderson was convicted of new charges for which he is serving consecutive prison terms totaling thirty-seven years.

On November 24, 2004, Anderson filed a petition for a writ of habeas corpus in the District Court for the Western District of Wisconsin. The petition stated that he was challenging his March 22, 2000 parole revocation. Anderson then conceded that he had failed to exhaust his state remedies. He therefore asked the district court to construe the petition as challenging his February 5, 2001 parole revocation. As Anderson was proceeding pro se and entitled to the court's liberal interpretation of his pleadings, the district court obliged. Nonetheless, the district court concluded that Anderson did not state a federal constitutional claim, and alternatively that any such claim was procedurally defaulted by failing to raise it before the state courts. The district court granted the state's motion to dismiss the petition for a writ of habeas corpus and

subsequently denied Anderson's request for a certificate of appealability (COA).

On August 18, 2005 this court issued an order stating that Anderson did not need a COA under *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000), and granting Anderson's motions to proceed in forma pauperis and for appointment of counsel. We instructed counsel to address in their briefs whether Anderson has presented a constitutional claim and whether he is still in custody for the purposes of applying credits from his 1992 conviction.

## II. ANALYSIS

This appeal addresses whether Anderson: 1) needed a COA to appeal the district court's dismissal; 2) procedurally defaulted his federal constitutional claim; 3) has stated a federal constitutional claim, rather than one based solely on state law; and 4) is in custody for the purposes of applying credits from his 1992 conviction.

### A. COA Requirement

In our August 18, 2005 order, we concluded that Anderson did not need a COA to appeal the district court's dismissal because Anderson was not challenging his conviction or sentence. The state urges us to reconsider that decision under *Walker* or to overturn *Walker* itself. A petitioner is required to obtain a COA when the detention "arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). In *Walker*, we explained that "we do not see how we can construe the words 'process issued by a State court' to mean 'process not issued by a State court, but instead the outcome of an internal prison disciplinary proceeding.'" *Walker*, 216 F.3d at 637. Because Anderson is challenging the actions of corrections officials, rather

than his conviction or sentencing in state court, we determined that Anderson did not need a COA. We see no reason to revisit that decision or to overturn *Walker* as the state requests.

## B. Procedural Default

Habeas corpus petitioners are required to exhaust state remedies, absent express waiver by the state, to qualify for relief in a federal court. 28 U.S.C. § 2254(b). State remedies are exhausted when the petitioner does not have the "right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Both parties agree that Anderson has met the exhaustion requirement for his February 5, 2001 parole revocation. Exhaustion, however, must be distinguished from procedural default. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (noting that, like exhaustion, the procedural default doctrine "is grounded in principles of comity, federalism, and judicial efficiency"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-46 (7th Cir. 2000); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 850-51 (1999) (Stevens, J., dissenting) (giving a detailed explanation of the difference between exhaustion and procedural default). To avoid procedural default, "a habeas petitioner must fully and fairly present his federal claims to the state courts." *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001). "Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.* (quoting *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999)). In the interests of federal-state comity, both the operative facts and controlling law must be put before the state courts. *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001) (citing *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001)); *Boyko*, 259 F.3d at 788.

Fair presentment, however, does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same. *Boyko*, 259 F.3d at 788 (citing *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992)); *see also Picard v. Connor*, 404 U.S. 270, 277-78 (1971) ("[W]e do not imply that respondent could have raised the equal protection claim only by citing 'book and verse on the federal constitution.' We simply hold that the substance of a federal habeas corpus claim must first be presented to the state courts.") (citations omitted).

That being said, the state courts must be apprised of the constitutional nature of the claim. *Verdin*, 972 F.2d at 1475. If the facts presented do not evoke a familiar constitutional constraint, there is no reason to believe the state courts had a fair opportunity to consider the federal claim. *Id.* We will consider four factors when determining whether a petitioner has fairly presented his federal claim to the state courts: "1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Ellsworth*, 248 F.3d at 639; *Briley*, 243 F.3d at 327; *Verdin*, 972 F.2d at 1473-74.

In state court, Anderson relied solely upon Wisconsin law requiring the application of pre-sentence credits. *See* WIS. STAT. § 973.155. At no time did he assert that the manner in which his sentence credits were applied gave rise to a federal due process violation. Nor would the facts of this case, concerning the manner in which corrections officials applied pre-sentence credits pursuant to a state

statute, evoke a familiar constitutional constraint and alert the state courts to a federal constitutional issue. Therefore, we hold, as the district court did, that Anderson's claims are procedurally defaulted.

Despite this procedural default, we may hear Anderson's claims if he either demonstrates cause for his default and prejudice resulting therefrom, or that a miscarriage of justice will result if we do not consider the merits of his case. *Perruquet*, 390 F.3d at 514 (citing *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)). Establishing cause ordinarily requires demonstrating an external obstacle preventing the petitioner from fairly presenting the federal claim in state court, and actual prejudice, not merely a possibility of prejudice, is required. *Id.* at 514-15. The miscarriage-of-justice-exception applies when the petitioner can demonstrate that he is actually innocent. *Id.* at 515 (citing *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995)). Anderson has procedurally defaulted, and because he has not even alleged that he meets the requirements for these exceptions, we will not reach the merits of his claims.

### III. CONCLUSION

For the purposes of this appeal, both parties agree that Anderson is "in custody" as required by 28 U.S.C. § 2254. However, we have determined that Anderson's claims regarding the application of pre-sentence credits from his 1992 conviction are procedurally defaulted. Therefore, we need consider neither that issue, nor whether Anderson has stated a federal constitutional claim. For the foregoing reasons, the district court's dismissal of Anderson's petition for a writ of habeas corpus is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*