**ZHEN XIN LU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–0029–ag.

United States Court of Appeals,
Second Circuit.

Feb. 1, 2007.

Michael Brown, New York, NY, for Petitioner.

Jeffrey A. Taylor, United States Attorney for the District of Columbia, Rudolph Contreras, Assistant United States Attorney, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhen Xin Lu, a native and citizen of the People's Republic of China, seeks review of a December 22, 2005 order of the BIA affirming the April 21, 2004 decision of Immigration Judge ("IJ") Douglas B. Schoppert, denying petitioner's

applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Xin Lu*, No. A95 918 727 (B.I.A. Dec. 22, 2005), *aff'g* No. A95 918 727 (Immig. Ct. N.Y. City Apr. 21, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

In this case, the IJ's adverse credibility determination was supported by substantial evidence. Lu testified that he first learned his girlfriend had been subjected to a forced abortion in February 2002. However, upon his arrival in the United States in December 2002, Lu stated, "[M]y girlfriend is pre[ ]gnant . . . and the offi-

cials want her to abort the baby." That same month, during a credible fear interview, Lu stated, "I have [a] girlfriend who is pregnant. I am not sure if [the baby was] born or aborted," and "I do not know if child [was] born or not." Despite Lu's arguments that he had trouble expressing himself in Mandarin, the IJ properly relied on both the airport interview and the credible fear worksheet in reaching his adverse credibility determination. During the airport interview, Lu indicated that he understood all the questions asked, and his answers to the questions posed do not suggest otherwise. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir. 2004). Similarly, at the credible fear interview, Lu indicated that he spoke Mandarin, and he later testified that he had attended six years of school taught in the Mandarin language. Because the inconsistency between Lu's testimony and his airport and credible fear interviews goes to the heart of Lu's claim that he suffered past persecution and is substantial when measured against the entire record, the IJ did not err by using this inconsistency to support his adverse credibility determination. *See Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 308 (2d Cir.2003).

The IJ also properly relied on Lu's inconsistent statements with regard to the age requirements for marriage in China. Because Lu's entire claim was that he and his girlfriend were persecuted for violating the birth control policy by becoming pregnant prior to the legal marriage age, it was reasonable for the IJ to expect Lu to be consistent regarding the applicable marriage requirements.

Because the IJ's adverse credibility determination is supported by substantial evidence, we do not reach the IJ's alternative burden of proof finding. Further-

more, because the only evidence of a threat to Lu's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Similarly, because Lu's CAT claim was based on the same factual predicate as his claims for asylum and withholding of removal, and substantial evidence supports the IJ's determination that Lu failed to testify credibly, substantial evidence also supports the IJ's determination that Lu failed to establish that he would likely be tortured upon his return to China. *See, e.g., Shou Yung Guo v. Gonzales*, 463 F.3d 109, 113 (2d Cir.2006) (affirming BIA's conclusion that prior adverse credibility determination fatally undermined CAT claim because that claim rested upon the same facts found not credible).

For the foregoing reasons, Lu's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).