08-4906-ag
Shih v. Holder

BIA
Weisel, IJ
A072 054 355

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of February, two thousand ten.

PRESENT:
>            JOHN M. WALKER, Jr.,
>            JOSÉ A. CABRANES,
>            BARRINGTON D. PARKER,
>                      *Circuit Judges*.

_____

JI-CAN SHIH, ALSO KNOWN AS JI CAN CHI,
>            *Petitioner*,

>    v.                                          08-4906-ag
>                                                 NAC

ERIC H. HOLDER, JR.,[1] UNITED STATES ATTORNEY GENERAL, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
>            *Respondents*.

_____

FOR PETITIONER:    Yee Ling Poon, New York, New York.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as a respondent in this case.

**FOR RESPONDENTS:** Michael F. Hertz, Acting Assistant Attorney General, Civil Division, Susan K. Houser, Senior Litigation Counsel, Gary J. Newkirk, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ji-Can Shih, a native and citizen of China, seeks review of the September 16, 2008, order of the BIA: (1) affirming the May 5, 2006, decision of Immigration Judge ("IJ") Robert D. Weisel; and (2) denying his motion to remand. *In re Ji-Can Shih*, No. A72 054 355 (B.I.A. Sept. 16, 2008) *aff'g* No. A72 054 355 (Immig. Ct. N.Y. City May 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, an alien files a motion that seeks both rescission of an *in absentia* exclusion order, as well as reopening of exclusion proceedings based on new evidence, the Court treats the motion as comprising distinct motions to rescind and to reopen. *See Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales,* 462

F.3d 150, 152 n.1 (2d Cir. 2006). We address each motion in turn.

### A. Motion to Rescind

When an IJ orders an alien excluded *in absentia*, there is no time limit on filing a motion to rescind if the alien demonstrates "reasonable cause" for her failure to appear. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B) (providing that, "a motion to reopen exclusion hearings on the basis that the [IJ] improperly entered an order of exclusion *in absentia* must be supported by evidence that the alien had reasonable cause for [her] failure to appear"); *Matter of N-B-*, 22 I & N Dec. 590 (BIA 1999); *Matter of Ruiz*, 20 I & N Dec. 91, 92-93. The BIA did not err in finding that Shih failed to demonstrate "reasonable cause" for his failure to appear at his November 1992 merits hearing. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B). As the BIA noted, Shih conceded that he received written notice of the hearing date. He argued, however, that rescission was appropriate because the travel agency he had retained to help him had not verbally advised him of the hearing date. The BIA acted well within its discretion in concluding that this did not constitute reasonable cause for his failure to appear.

3

**B.    Motion to Reopen**

The BIA also did not abuse its discretion in denying Shih's motion to reopen.  The regulations provide that "[a] party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later."  8 C.F.R. § 1003.2(c)(2). Indisputably, Shih's May 2005 motion was untimely because he filed it more than twelve years after the IJ's November 1992 *in absentia* order.  However, the time limitation does not apply when the alien can establish materially "changed country conditions arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii).

Shih based his motion to reopen before the IJ on changed circumstances, *i.e.*, the birth of his two U.S.-citizen children and his wife's imputed political opinion. In addition to finding that Shih had not established changed country conditions, the BIA found that even if he had, it would deny his motion as a matter of discretion.  *See INS v. Abudu,* 485 U.S. 94, 105 (1988) (finding that "in cases in

4

which the ultimate grant of relief is discretionary," the agency may jump ahead and determine that the movant would not be entitled to discretionary relief); *see also* 8 C.F.R. § 1003.2(a) ( "The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."); 8 C.F.R. § 1003.23(b)(3). The BIA based its discretionary denial on: (1) Shih's statement during his credible fear interview that he had killed someone in China;[2] (2) the fact that Shih had "purposefully" ignored the voluntary departure order issued in connection with his deportation proceedings under another alien number; and (3) Shih's failure to exercise due diligence in pursuing his "immigration status." Despite Shih's arguments to the contrary, we find no abuse of discretion in the agency's findings.

### C. Motion to Remand

In addition to his motion to reopen and rescind, Shih filed a motion to remand based on: (1) his potential eligibility to adjust his status in light of his wife's

---

[2] Although Shih later recanted that statement, the BIA reasonably found that he had either killed someone or lied and said that he did in order to obtain an immigration benefit--*i.e.*, asylum.

pending adjustment application; and (2) his argument that the IJ had denied his motion to reopen without allowing sufficient time for further briefing. As to the former, because the ability to adjust one's status is not an exception to the statutory filing deadline for a motion to reopen, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii), an alien seeking reopening on that basis in an untimely motion to reopen is invoking the BIA's authority to reopen proceedings *sua sponte*, 8 C.F.R. § 1003.2(a). The BIA's exercise of its *sua sponte* authority is a matter entirely within its discretion and, thus, beyond the scope of our jurisdiction. *See Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). As to the latter argument, Shih is correct that the BIA ignored it. However, even if this was an error, it was a harmless one. *Cf. Dedji v. Mukasey*, 525 F.3d 187, 192 (2d Cir. 2008) (holding that "IJs are accorded wide latitude in calendar management," and the Court "will not micromanage their scheduling decisions any more than when [it] review[s] such decisions by district judges"). Because Shih offered no proper basis for reopening, the IJ's refusal to allow further briefing was permissible, and remand on this basis would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice*,

6

471 F.3d 315, 335 (2d Cir. 2006) (finding that remand would be futile if it can be confidently predict that the IJ would reach the same decision were the case remanded).

Accordingly, the BIA did not abuse its discretion in denying his motion to remand. *Li Yong Cao v. Dep't of Justice,* 421 F.3d 149, 151 (2d Cir. 2005); *see Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot . Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                            FOR THE COURT:
                            Catherine O'Hagan Wolfe, Clerk