11-1288-ag
Kelvin v. Holder

BIA
Vomacka, IJ
A089 253 381

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of April, two thousand twelve.

PRESENT:
>    JON O. NEWMAN,
>    JOSEPH M. McLAUGHLIN,
>    RAYMOND J. LOHIER, JR.,
>         Circuit Judges.
_____

RODNEY ROSS KELVIN,
>    *Petitioner*,

>    v.                                    11-1288-ag
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent*.
_____

FOR PETITIONER:         Scott E. Bratton, Margaret Wong & Associates, Cleveland, OH.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Lyle D. Jentzer, Senior Litigation Counsel; Jeffrey L. Menkin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Rodney Ross Kelvin, a native and citizen of Malaysia, seeks review of a March 21, 2011, decision of the BIA affirming the December 12, 2008, decision of the Immigration Judge ("IJ"), which pretermitted his application for asylum as untimely and denied his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Rodney Ross Kelvin,* No. A089 253 381 (B.I.A. Mar. 21, 2011), *aff'g* No. A089 253 381 (Immig. Ct. N.Y. City Dec. 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(citation omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We lack jurisdiction to review the agency's finding that the Petitioner's asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that there existed

2

neither changed circumstances nor extraordinary circumstances excusing the untimeliness. *See* 8 U.S.C. § 1158(a)(3). Although we retain jurisdiction to review constitutional claims and "questions of law," *see* 8 U.S.C. § 1252(a)(2)(D), Kelvin's challenge to the IJ's finding that he did not establish changed circumstances is simply a challenge to the agency's fact-finding determination and exercise of discretion, over which we do not have jurisdiction. *See* 8 U.S.C. § 1158(a); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330-31 (2d Cir. 2006). Accordingly, because Kelvin has abandoned any challenge to the agency's denial of CAT relief, the only issue before us is whether the agency erred in denying withholding of removal.

For applications for withholding of removal such as Kelvin's that are governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether those inconsistencies go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

3

This Court "defer[s] . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* at 167.

Here, substantial evidence supports the agency's adverse credibility determination. As the agency found, Kelvin's testimony that he first sought assistance in filing his asylum application in March 2007 was inconsistent with his written statement indicating that he tried to apply for asylum through an "agent" in December 2006, his testimony and written statement regarding the alleged March 2007 return visit of the Muslim Religious Officers was implausible because the officers had not taken issue with him during his approximately 50 other prior proselytizing experiences and because a year had elapsed since their previous visit, and the omission in his asylum application regarding the motivation of the Muslim Religious Officers to threaten him because they believed him to be a Muslim went to the heart of his asylum claim. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007); *Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 435-54 (2d Cir. 2006). Kelvin attempted to explain the inconsistency by testifying that he began researching his asylum application between December

4

2006 and March 2007, but the agency need not credit Kelvin's explanation for his inconsistent testimony unless the explanation would compel a reasonable fact-finder to do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Because Kelvin was unable to produce credible evidence sufficient to establish either past persecution or a clear probability of future persecution in Malaysia, the agency did not err in denying his application for withholding of removal. *See* 8 C.F.R. §§ 1208.16(b)(1), (b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED, in part. Any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk