In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-1509

SHAWN JOHNSON,

*Petitioner-Appellant,*

*v.*

ALAN FINNAN, Superintendent,
Wabash Valley Correctional Facility,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Evansville Division.
No. 3:05-CV-0175-RLY-WGH—**Richard L. Young**, *Judge.*

SUBMITTED OCTOBER 11, 2006—DECIDED NOVEMBER 2, 2006

Before COFFEY, EASTERBROOK, and MANION, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Disciplinary panels in state prisons are not courts. *White v. Indiana Parole Board*, 266 F.3d 759, 765-66 (7th Cir. 2001). From this it follows that facts found (or assumed) by a prison disciplinary board are not entitled to the presumption of correctness that 28 U.S.C. §2254(e) affords to judicial findings. *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). This means, in turn, that when a prisoner who seeks a writ of habeas corpus provides competent evidence (such as an affidavit by someone with personal knowledge of the events) contradict-

ing an assertion by the prison disciplinary board on a material question of fact pertinent to an issue of constitutional law, the district court must hold an evidentiary hearing to determine where the truth lies. *Piggie*, 272 F.3d at 926; *Pannell v. McBride*, 306 F.3d 499 (7th Cir. 2002). We publish an opinion in this run-of-the-mine appeal because these established propositions frequently are overlooked in litigation arising from Indiana's prison system.

A guard at Shawn Johnson's prison charged him with preventing his cell from being locked at the curfew. According to the conduct report Johnson heard the warning for the daily lockup, realized that his cellmate was outside, and blocked the door until the cellmate could return. A disciplinary board credited this report and revoked 30 days of Johnson's good-time credits. Such a decision may be reviewed under 28 U.S.C. §2254 because it extends the prisoner's time in custody. Indiana does not offer judicial review of disciplinary decisions in prison, so the initial review comes in federal court—and, given the limits on §2254(e), without deference to the disciplinary board's findings.

The board stated (by checking a box on a form) that Johnson did not ask for delay; he maintains that he did. According to Johnson, a continuance would have allowed the board to obtain two additional pieces of evidence: testimony from guard Williams and a copy of the videotape made by a surveillance camera. Johnson contends that both Williams and the surveillance camera would corroborate his version of events (that the doors were closed without the required warning, and without hindrance on his part). The board stated that Johnson had not sought to present any evidence; Johnson says that he did—not only at the hearing (in connection with the request for a continuance) but also by written request made before the hearing.

One side or the other has the facts wrong. If the board is right, then all constitutional requirements have been observed—Johnson received adequate notice, had an opportunity to present evidence, and so on. *Wolff v. McDonnell*, 418 U.S. 539 (1974). If Johnson is right, then the Constitution has been violated. Evidence may be excluded for reasons of institutional security, but Indiana has not argued that any such reason would excuse Williams from testifying; and though security concerns may make it prudent to prevent inmates from learning the capabilities of the video monitors they would not prevent the board from viewing the recording *in camera*.

The district court must have credited the board's view of the facts, for it wrote that Johnson's request to present the video evidence was untimely and that the camera would not have supported his position in any event. The judge did not mention Williams. Because Johnson has sworn under oath that he made timely requests for this evidence—a subject on which he has first-hand knowledge—the district court could not properly assume that the state's perspective is the right one. Nor could the court properly declare that the video evidence would have been useless. Johnson has never seen it, and a written description of what the tape reveals, made in connection with a disciplinary proceeding against his cellmate, does not suggest that Johnson prevented the cell's door from closing and locking properly. The description also contradicts the accusing guard's statement that Johnson's cellmate was running toward the cell with a bucket of ice when the door started to close; perhaps a review of the tape would contradict the rest of the accusation as well.

Prison disciplinary boards are entitled to resolve conflicts in the stories presented to them, as long as "some evidence" supports the decision. *Superintendent v. Hill*, 472 U.S. 445 (1985). But they are not entitled to prevent the prisoner from offering material evidence. If Johnson is telling the

truth, that's exactly what this board did. An evidentiary hearing must be held to determine what happened. If Indiana wants federal courts to treat its decisions with more respect, it has only to provide for review in its own courts as an initial matter.

REVERSED AND REMANDED

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*