NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted September 28, 2007*
Decided October 25, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** JOHN L. COFFEY, Circuit Judge

**Hon.** DANIEL A. MANION, Circuit Judge

| | |
|---|---|
| **No**.  07-1851 | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| SHAWN JOHNSON, *Petitioner-Appellant*, | |
| **v.** | |
| ALAN FINNAN, *Respondent-Appellee*. | No. 3:05-CV-175-RLY-WGH Richard J. Young, *Judge*. |

## Order

After our remand for further proceedings in this collateral attack on a prison disciplinary board's decision, see *Johnson v. Finnan*, 467 F.3d 693 (7th Cir. 2006), the "Final Reviewing Authority" within the state's prison system dismissed the disciplinary proceeding and rescinded all sanctions that had been imposed. The district court then dismissed the federal case as moot,

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

and Johnson has appealed a second time.

The district judge should have allowed Johnson to respond before dismissing the case, but the error was harmless. A federal court hearing a collateral attack under 28 U.S.C. §2254 reviews *custody* (here, a revocation of good-time credits), and when custody ends (here, by restoration of the credits) the federal proceeding becomes moot.

Johnson contends that he suffers collateral consequences, but that doctrine is inapplicable when the custody stems from prison discipline. See *Spencer v. Kemna*, 523 U.S. 1 (1998). Moreover, the only collateral consequence that Johnson identifies is a loss of prison wages. Money differs from custody; indeed, the opportunity to earn wages while in prison is not a form of liberty or property to which the due process clause applies. See *Sandin v. Conner*, 515 U.S. 472 (1995); *Wallace v. Robinson*, 940 F.2d 243 (7th Cir. 1991) (en banc). So there would be nothing to this suit even if it were recast as one under 42 U.S.C. §1983 rather than 28 U.S.C. §2254.

AFFIRMED