**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 30, 2008[*]
Decided October 30, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-2121

| | |
|---|---|
| ROBERT C. BRENNEMAN JR., | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:07-cv-1553-LJM-TAB |
| WENDY KNIGHT, | |
| *Respondent-Appellee*. | Larry J. McKinney, |
| | *Judge*. |

### O R D E R

Indiana inmate Robert Brenneman appeals from the denial of his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. He claims that he was denied due process at a disciplinary hearing because, he insists, he did not receive adequate notice of the charge or

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

a sufficient opportunity to present witnesses, and the evidence did not support the finding of guilt. We affirm.

On August 29, 2007, Brenneman received a Report of Conduct accusing him of "engaging in sexual acts with another or making sexual proposals, gestures, or threats" in violation of section B-216 of the Adult Disciplinary Procedures governing inmates. The report explains that Brenneman had reached over the shoulder of Reverend Donna Olsen, a volunteer instructor at the facility, and touched her bra strap below the collarbone. Brenneman opted to contest the allegation and told the screening officer that he wished to call as witnesses inmates Brosius, Santistevan, and Hensley. At the disciplinary hearing on September 5, the Board received into evidence an e-mail from Olsen in which she alleges that Brenneman, after arriving late to a class she was conducting in the chapel, walked behind the chair where she was seated, reached over her shoulder, and through her blouse touched her bra strap and the soft area below her clavicle. Olsen said she was sitting in the front row at the time, and that 15 of the roughly 30 men in the class were sitting behind her. Brenneman asserted that he simply tapped Olsen on the shoulder. His three witnesses submitted statements attesting to his good character but did not describe Brenneman's contact with Olsen. The Board found Brenneman guilty and revoked 90-days good-time credits, demoted him in credit-class, and ordered him to serve 90 days in segregation.

Two weeks later Brenneman filed an administrative appeal. Among several contentions, he asserted that when the Report of Conduct was screened, he had asked that all of the inmates in the class be interviewed, but was forced to select three. He was segregated awaiting hearing, Brenneman explained, so he could not conduct any further investigation on his own. But after the disciplinary hearing, Brenneman continued, he obtained statements from three other inmates, all of whom maintain that Brenneman tapped Olsen on the shoulder and that nothing inappropriate occurred. The warden rejected Brenneman's appeal, as did the final reviewing authority.

In his § 2254 petition Brenneman alleged, among other things, that because he was in segregation before the disciplinary hearing, he could not identify the witnesses who actually saw the incident, and that first the screening officer and later the Board dismissed as redundant or irrelevant his requests for additional testimony. Brenneman also claimed that he did not get adequate notice of the charge and that the Board did not have sufficient evidence to find him guilty. The district court explicitly rejected the last two contentions but did not specifically address Brenneman's claim that he was denied his right to present testimony from additional witnesses. Our review is de novo. *Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007).

Brenneman's claims about the notice he received and the evidence underlying the Board's decision can be quickly rejected. Brenneman contends that the notice of the charge was inadequate because, he insists, he did not receive a written copy of Olsen's e-mail when the charge was screened. Brenneman lost good-time and was demoted in credit-class, so he had a right to due process at his hearing. *See Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). Thus he was entitled to written notice of the rule he allegedly violated and a summary of the conduct underlying that charge. *See Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003); *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995). Over a week before the hearing, Brenneman received the Report of Conduct informing him of the charge by name and section number. That report also summarizes the alleged incident. Moreover, Brenneman concedes that Olsen's e-mail was read to him when the charge was screened. Nothing more was required. *See Northern*, 326 F.3d at 910; *Whitford*, 63 F.3d at 534.

As to the evidence, due process was satisfied if the Board had "some evidence" to support its findings. *See Piggie v. Cotton*, 342 F.3d 660, 662 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 651 (7th Cir. 2000). Brenneman argues that no evidence supports the Board's conclusion that he intended to touch Olsen in a sexual manner. A disciplinary board's resolution of two competing stories need only have some factual support, and a brief description of the events in a disciplinary report can satisfy that standard. *Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006); *McPherson v. McBride*, 188 F.3d 784, 786, (7th Cir. 1999). Olsen recounts in her e-mail that Brenneman reached over her shoulder and through her blouse touched her bra strap with his middle finger and the area below her clavicle with another finger. Olsen's description is enough to support the Board's finding.

Brenneman's remaining contention is that he was not permitted to call the inmate witnesses who told him after the hearing that they saw him tap Olson on the shoulder but do nothing inappropriate. Brenneman says these witnesses were not located before the hearing because the screening officer would not offer to let staff interview the entire class and he could not do so himself while in segregation. Courts must exercise caution in overturning the judgment of a prison official who concludes that an inmate's request to call witnesses will compromise the needs and objectives of the institution or otherwise impose an onerous burden on prison staff. *See Ponte v. Real,* 471 U.S. 491, 496 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 566-67 (1974); *Whitlock v. Johnson*, 153 F.3d 380, 386 (7th Cir. 1998). Brenneman's claim fails because he demanded that prison staff interview Olsen's entire class—over 30 inmates—to determine who saw the incident. The outcome may have differed had Brenneman instead requested that prison staff give him a roster of the class so that he could name other witnesses that he wanted to call, *see Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30-31 & n.6 (2d. Cir. 1991), or if prison officials had refused his request to obtain statements from a select number of specific witnesses, *see Pannell v. McBride*, 306 F.3d 499, 503-04 (7th Cir. 2002). But requiring the staff to conduct a fishing expedition,

particularly of the magnitude Brenneman requested, would have imposed too great a burden. Moreover, the prison staff's refusal to find Brenneman's witnesses did not prejudice him, and thus did not violate due process, because Brenneman's appeal was denied even after he submitted statements from the three inmates who asserted that they saw Brenneman do nothing inappropriate. *See Piggie*, 342 F.3d at 666-67 (explaining that due process was not violated where decision of purportedly biased disciplinary board was upheld on administrative review).

AFFIRMED.