**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 8, 2009[*]
Decided October 9, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-3685

| | |
|---|---|
| LARRY BOYD, | Appeal from the United States District Court for the Southern District of Indiana, Terra Haute Division. |
| *Petitioner-Appellant,* | |
| *v.* | No. 2:08-cv-00041-LJM-TAB |
| ALAN FINNAN, | Larry J. McKinney, |
| *Respondent-Appellee.* | *Judge.* |

## O R D E R

A disciplinary board found inmate Larry Boyd guilty of conspiring to forge a document in violation of prison rules at Wabash Valley Correctional Facility in Indiana. The board punished Boyd by stripping him of 30 days' good-time credit and imposing other

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

sanctions. After exhausting his administrative remedies, Boyd petitioned the district court for collateral review under 28 U.S.C. § 2254. He appeals the denial of that petition.

An education supervisor at the prison found two forged diplomas in the photocopier near her office. Two names, Boyd's and fellow prisoner Gregory Hayes's, had been taped over the original name. Robert Mohler, a prisoner working as a library clerk, admitted to the supervisor that he had taped the names and made the copies. Because Boyd's name was on a forged diploma, the prison charged Boyd with attempting or conspiring to create a forgery.

Before his hearing Boyd asked to call Mohler as a witness. Although there is no record of it, Boyd swears in his petition that he also requested another witness (in his brief, Boyd says it was Hayes), and that a prison official assured him that these two witnesses would be called. Neither witness appeared personally at Boyd's disciplinary hearing, but Mohler furnished a written statement asserting, "Mr. Boyd I do not know nor did he ask me to do anything. He never asked me to do any of this for him." The submission concludes, "Statements reflects [sic] testimony." Boyd submitted his own written statement asserting that he already had a general equivalency degree, that he therefore had no need for a forged diploma, and that he was innocent. During the proceedings, one of the hearing officers considered whether Boyd had paid for the forgery, but no evidence of payment emerged. In reaching its decision to impose discipline, the board explained that it relied on the education supervisor's conduct report, Boyd's own statement, and one of the forged diplomas. The board concluded that the accusation of forgery was "accurate and true" and therefore found Boyd guilty, for which he lost 30 days of good-time credit.

Boyd challenges the disciplinary proceedings on multiple grounds. First, he argues that the proceedings violated provisions of Indiana's Adult Disciplinary Procedures, but violations of state law do not justify collateral relief under 28 U.S.C. § 2254. *See Holman v. Gilmore*, 126 F.3d 876, 884 (7th Cir. 1997) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).

Boyd's next claim is that the hearing violated due process in several ways. He first argues that the mere presence of his name on a forged diploma was not sufficient evidence for discipline. But due process in the prison disciplinary context requires only "some evidence" to support a decision. *See Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006) (citing *Superintendent v. Hill*, 472 U.S. 445 (1985)). And so long as the board's conclusion could be deduced from it, *see Hill*, 472 U.S. at 455, even "meager" evidence will suffice, *see id.* at 457. Although we have cautioned that the evidence used must point to the prisoner's guilt, *see Lenea v. Lane*, 882 F.2d 1171, 1175 (7th Cir. 1989), it need not point *exclusively* in that direction, *see Hill*, 472 U.S. at 457. Boyd's name taped on the diploma in the

photocopier suffices because it supports the common-sense inference that he wanted his name on a forged diploma.

Boyd next contends that he was denied his due process right to call witnesses on his behalf. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). He attests that his verbal request to call Hayes was neither documented nor honored, even though a prison official said that it would be. The prison denies that Boyd made this request, but even if we assume that Boyd requested Hayes's appearance, and did so in compliance with prison rules, Boyd has failed to demonstrate prejudice. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). He has not explained what Hayes's testimony would have been, nor how it would have helped him. Without any harm from Hayes's absence, due process was not offended. *See id.*

Boyd also complains that the substitution of Mohler's written statement for Mohler's live presence at the hearing violated Boyd's due process right to call witnesses. But as with his request for Hayes, Boyd has failed to explain how Mohler's absence prejudiced him. Boyd insists only that Mohler's absence meant that no one could ask him why he taped Boyd's name to the diploma. But Boyd does not tell us how Mohler would have answered that question or how the answer would have helped him. Fishing for unspecified statements from potential witnesses is not among the due process protections afforded prisoners in disciplinary proceedings. *See Wolff*, 418 U.S. at 556.

Finally, Boyd claims that the supposed sparsity of the record, the alleged failure to let Boyd call witnesses, and a hearing officer's remark that prison officials lacked evidence that Boyd paid for the forgery together mean that the board was biased against him. Boyd was entitled to a neutral and detached decision-maker, *see Pannell v. McBride*, 306 F.3d 499, 502 (7th Cir. 2002) (citing *Wolff*, 418 U.S. at 571), but he has not shown that he got anything less. The officer's remark shows only that prison officials did not have evidence that Boyd *paid* for the forgery; payment, however, was not necessary to sustain the charge. And we have already explained that the causes of Boyd's other concerns do not offend due process.

Accordingly, we AFFIRM the district court's judgment.