**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 5, 2010[*]
Decided May 6, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3520

| | |
|---|---|
| KEITH BILLINGSLEY,<br>*Petitioner-Appellant,*<br><br>v.<br><br>GILBERT PETERS, Superintendent,<br>Branchville Correctional Facility,<br>*Respondent-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division.<br><br>No. 3:09-cv-00029-RLY-WGH<br><br>Richard L. Young,<br>*Chief Judge.* |

**O R D E R**

Keith Billingsley appeals from the denial of his petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, in which he challenged the constitutionality of his prison disciplinary proceeding.  We affirm.

A disciplinary hearing board at the Branchville Correctional Facility in Indiana found Billingsley guilty of battery after a prison law librarian saw him "interlocked in a

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2)(B).

physical alteration" with another prisoner, Bruce Courtois.  The board sanctioned Billingsley with 6 days of disciplinary segregation and stripped him of 120-days' earned credit time.  Billingsley appealed to the facility's assistant superintendent, asserting that the board improperly refused to produce "count letters" (specifying when prisoners were authorized to visit the law library), denied his request to exclude from the panel one board member who had direct knowledge of the altercation, and rejected his defense of self-defense.  The assistant superintendent found no substantive basis for relief and denied the appeal.  Billingsley's subsequent appeal to the Indiana Department of Corrections' final reviewing authority was similarly denied.

In his petition to the district court, Billingsley renewed his allegations that the board wrongly denied him access to the count letters and improperly treated his self-defense argument as an admission of guilt.  The court denied the petition, finding that the count letters were not relevant to the board's decision and that the board was entitled to reject self-defense as a complete defense in a prison disciplinary proceeding.

On appeal Billingsley does not challenge the district court's rulings on the count letters or the self-defense claim and instead raises for the first time an equal protection claim that the board singled him out for punishment because he is African-American.  He argues that the board acted with racial animus when it sanctioned him for committing battery, yet dismissed the same battery charge against Courtois, who Billingsley says is white.

"Claims not made in the district court in a habeas petition are deemed waived and cannot be raised for the first time on appeal."  *Johnson v. Hulett*, 574 F.3d 428, 432 (7th Cir. 2009).  Billingsley never mentioned race in his petition, let alone his administrative appeals.  It is true that his § 2254 petition invoked equal protection in general terms—alleging that the board punished only him and not his rival in the altercation—but nowhere in his petition did he ever suggest that this difference in treatment was based on race.  As Billingsley presents no other ground for relief, the denial is

**AFFIRMED**.