**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 16, 2010[*]
Decided June 16, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-3436

| | |
|---|---|
| ALAN N. SCOTT, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Southern District of Indiana, |
| | Terra Haute Division. |
| *v.* | |
| | No. 2:09-cv-125-RLY-WGH |
| BRIAN R. JETT, | |
| *Respondent-Appellee.* | Richard L. Young, |
| | *Judge.* |

## O R D E R

In three separate disciplinary actions, Alan Scott, a federal prisoner, was found guilty of fighting, possessing contraband, attempting to obtain money for bribery and gambling, and plotting to use code words on a telephone. (The last two charges were

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

brought in one proceeding.)  In each case, a hearing officer punished Scott by stripping him of good time and imposing other sanctions.  After exhausting his administrative remedies, Scott sought collateral review of all three proceedings under 28 U.S.C. § 2241.  In this appeal from the denial of his petition, Scott renews the claims he made in his petition and also challenges the district court's denial of several discovery requests.  We affirm the judgment.

For all three disciplinary cases, Scott claims that the evidence is too thin.  The first case arose from a 2001 allegation that Scott had "flicked" another inmate on the ear at least three times before that inmate slapped him in return, after which guards separated the pair.  Scott was found guilty of fighting, *see* 28 C.F.R. § 541.13, tbl. 3, Code 201, but he insists that he never touched anyone or, alternatively, that "flicking" is horseplay, not fighting.

In evaluating Scott's sufficiency challenges, we apply the "some evidence" standard.  *See Superintendent v. Hill*, 472 U.S. 445 (1985); *Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006).  An incident report written by a guard satisfies this standard.  *Bandy-Bey v. Crist*, 578 F.3d 763, 766 (8th Cir. 2009); *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).  Here, the incident report and witness interviews establish that intervention was necessary to separate the two inmates, which supports a conclusion that the scuffle had escalated beyond horseplay.  Thus, "some evidence" supports the charge.

The second disciplinary action arose in 2004 when a search of Scott's cell for "excess property" turned up a compact disc containing tax-preparation software.  The CD was hidden in an envelope that had been altered to obscure its contours and hide it from less rigorous searches.  (Scott insists that the guards themselves doctored the envelope.)  This time Scott was found guilty of possessing an item he was not authorized to receive.  *See* 28 C.F.R. § 541.13, tbl. 3, Code 305.

At the hearing Scott conceded that guards found the CD in his cell.  And a mail-room employee testified that staff always searched Scott's incoming mail for computer media, never issued such materials to him, and consistently returned computer media to the sender.  That evidence, together with the report of the doctored envelope, supports the conclusion that Scott had taken steps to avoid the CD's detection because he knew no one had authorized him to receive it.  Accordingly, "some evidence" supports this charge.

The third disciplinary action also took place in 2004.  Scott was accused of scheming to transfer money into the prison for a prohibited purpose, *see* 28 C.F.R. § 541.13, tbl. 3, Code 217A, and attempting to develop code words for use in discussing the prohibited money transfers by telephone, *see id.*, Code 297A.  (The "A" next to each offense code designates liability for an attempt or plan.  *See id.* § 541.13(b).)  According to the incident report, Scott

wrote a letter asking an acquaintance outside the prison to channel $250 to another inmate so that the pair could "buy [their] way into" a new cell and be made cell mates—presumably by bribing someone at the prison. Scott added that future money transfers could be used to bet on football games. His letter also provided code words to use in telephone conversations about the transactions. According to the report, Scott admitted his guilt when confronted with the letter.

The hearing officer reported that, at the disciplinary hearing, Scott still admitted writing the letter but argued that the telephone charge was too "speculative" because he never formalized a plan to talk on the telephone on a particular date. The hearing officer, unpersuaded, found Scott guilty, but an administrative appeal won Scott a new hearing because much of the material from the investigation into Scott's recent financial transactions had not reached the hearing officer. At a second hearing the presiding officer reviewed additional evidence, including money orders sent by Scott's outside accomplice to another inmate and a memorandum from an investigator who spoke with postal inspectors in Massachusetts about Scott's correspondence. That memo explained how Scott and the other inmate had used a Massachusetts resident as a go-between. The hearing officer sustained the finding of guilt, and Scott's contention that this collection of evidence is too thin to satisfy the "some evidence" standard is frivolous.

Next, Scott contends that the district court wrongly denied his motions to compel the warden to make admissions, answer interrogatories, and produce policy statements, memoranda, and any contraband and letters referred to in the disciplinary actions. A district court has discretion to grant limited discovery in habeas-corpus cases. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). But if a petitioner fails to show "good cause," i.e., that the sought-after discovery would likely influence the outcome of his petition, the district court commits no abuse of discretion in denying his request. *Hubanks v. Frank*, 392 F.3d 926, 933 (7th Cir. 2004). Here, none of the discovery Scott sought would have undermined the sufficiency of the evidence in any of the disciplinary actions.

Finally, Scott argues that the deprivation of good time in the third disciplinary action exceeded that allowed by applicable regulations. But that claim is not properly before us because Scott never presented it to the district court in any meaningful way. *See Johnson v. Hulett*, 574 F.3d 428, 429 (7th Cir. 2009); *Pole v. Randolph*, 570 F.3d 922, 937-38 (7th Cir. 2009). The claim is not included in Scott's § 2241 petition, and although he was given leave to amend his petition, his amendment simply asserts in a sentence that too much good time was taken away. Scott did not provide the district court with a factual predicate or explain why he believes that the sanctions imposed were not authorized, so we cannot fault the district court for not addressing the propriety of the sanctions. And though Scott devotes

several pages of his brief to the subject and supplies factual detail that was not given to the district court, we cannot resolve his contention in the first instance.

We have considered Scott's remaining arguments and determined that they are without merit and do not warrant further discussion.

AFFIRMED.