932

**Alan N. SCOTT, Petitioner–Appellant,**

v.

**Charles LOCKETT, Respondent–Appellee.**

No. 09–3436.

United States Court of Appeals,
Seventh Circuit.

Oct. 5, 2010.

Opinion, 380 Fed.Appx. 539, vacated.

Alan N. Scott, Terre Haute, IN, pro se.

Gerald A. Coraz, Attorney, Office of the United States Attorney, Indianapolis, IN, for Respondent–Appellee.

Before RICHARD D. CUDAHY, Circuit Judge, ILANA DIAMOND ROVNER, Circuit Judge, DIANE S. SYKES, Circuit Judge.

**ORDER**

On Petition for Rehearing *

In three separate disciplinary actions, Alan Scott, a federal prisoner, was found guilty of fighting, possessing contraband, attempting to obtain money for bribery and gambling, and plotting to use code words on a telephone. (The last two charges were brought in one proceeding.) Scott sought collateral review of all three proceedings under 28 U.S.C. § 2241. In his original petition, he challenged the sufficiency of the evidence supporting each finding of guilt, and he amended the petition to include an alternative argument that the deprivation of good time in the third disciplinary action exceeded that allowed by applicable regulations. The district court denied the petition as amended. In doing so, the court did not explicitly address Scott's claim that too many days of good time were taken. In a nonprecedential disposition, we affirmed the district

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R.APP. P. 34(a)(2)(C).

court's judgment. *Scott v. Jett*, 380 Fed. Appx. 539 (7th Cir.2010).[1] Scott then filed a petition for rehearing, in which he questions our handling of his claim that too many days were taken. We directed the warden to answer Scott's petition. For the reasons that follow, we grant the petition for rehearing.

Originally, we concluded in our decision of June 16, 2010, that the district court could not be faulted for failing to address Scott's claim that too many days were taken, because his description of the claim in the amended § 2241 petition was perfunctory and lacked a factual predicate. *See Johnson v. Hulett*, 574 F.3d 428, 429 (7th Cir.2009); *Pole v. Randolph*, 570 F.3d 922, 937–38 (7th Cir.2009), *cert. denied*, —— U.S. ——, 130 S.Ct. 562, 175 L.Ed.2d 384 (2009). In his petition for rehearing, however, Scott points out that he presented a more detailed version of the claim in his Reply to the warden's Return to his original petition. Scott filed that document after requesting but before receiving leave to amend. The district court presumably read this document when deciding the merits of the amended petition. Scott contends that his pleadings, taken together and construed liberally, provided adequate notice of the basis for his claim, and the district court should have ruled on it. We invited the warden to respond to this contention and shed any light he could on the probable merits of Scott's claim. The warden's answer lends credence to Scott's argument for rehearing.

First, the warden does not argue that Scott's pleadings failed as a matter of law or fact to put the district court on notice. Instead, the warden concedes that the district court was aware of Scott's theory but insists that the court "effectively denied" leave to proceed on it. We are unsure

what the warden means, given that the district court actually granted leave to amend. So far as we can tell, the warden contends that by granting Scott leave to amend "to the extent that" he claims the third disciplinary sanction was too severe, the district court constructively denied him leave to proceed on any theory that requires considering the combined impact of the sanctions. That is, Scott could argue that too many days were taken in the third disciplinary action, but only if he could do so without referring to the number of days that were actually available after the second. The warden's contention is absurd and does not warrant further consideration.

Second, the warden concedes that on this record he is unable to evaluate the underlying merits of Scott's claim. He can discern neither how many days were taken nor how many were available. We must presume, then, that the district court could not have properly ruled on the merits of the claim without further development of the record.

The warden's answer and our liberal construal of Scott's pleadings, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001), lead us to conclude that the district court was adequately apprised of his claim that the sanctions were too severe. Having granted leave to amend, the district court should have ruled in the first instance on that claim.

On remand, we expect the district court to provide the warden with an opportunity to develop the record and respond to Scott's arguments. Doing so will permit the court to assess whether Scott exhausted his administrative remedies, how many days were available for forfeiture and disallowance each time he was sanctioned,

---

1. The warden at that time was Brian Jett. Jett has since been replaced by Charles Lockett,

and we have changed our caption accordingly.

and how many days were actually taken. If necessary, the district court may permit Scott to conduct discovery. The court need not revisit his evidentiary challenges to the determination of his guilt, however. He did not request such relief on rehearing, and we stand by our reasoning on those issues in the original order. We express no view on the ultimate merits of Scott's case.

Accordingly, we GRANT Scott's petition for rehearing and VACATE our panel decision and judgment of June 16, 2010. Further, we VACATE the judgment of the district court and REMAND for further proceedings consistent with this order.