NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 24, 2012[*]
Decided January 31, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 12-1795 | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| JERMAINE UPSHAW, *Petitioner–Appellant,* | |
| | No. 2:11-cv-276-WTL-DKL |
| *v.* | |
| | William T. Lawrence, |
| RICHARD BROWN, *Respondent–Appellee.* | *Judge.* |

## O R D E R

Jermaine Upshaw, an Indiana prisoner, was attacked by a fellow inmate in a dayroom of their prison. One of the guards trying to separate the inmates was spit on; she accused Upshaw of spitting on her, but he said it was the other inmate who did so. Upshaw received a conduct report for the incident, charging him with assault. Before the hearing on the charge, he requested the video from the dayroom security system and also asked the Conduct Adjustment Board to review that video. Upshaw claimed that the video would

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

reveal that during the fight in the dayroom, the other inmate, Derek Brown, had spit at him from across the room and hit the guard instead, while she stood between him and the dayroom television.

At Upshaw's disciplinary hearing, the Board denied his request to see the video, citing security as its justification. A member of the Board viewed the video, however, and provided the following summary of the evidence: "Video does show Sgt. Poole [the victim guard] standing on your left side by the dayroom TV. I can not tell if offender Brown's actions were due to his back was toward the camera. The video does show offender Brown being placed into restraints by the microwave table." The Board found Upshaw guilty based on reports from the dayroom guards and the written statements of Upshaw and Brown, the other inmate.  Brown acknowledged walking into the dayroom and hitting Upshaw from behind but did not say whether or not he spit at him. The Board revoked 180 days of Upshaw's earned credit time and adjusted his credit-earning class accordingly.

Upshaw submitted an administrative appeal to the warden challenging only the Board's handling of the video evidence. The Board had not looked at the video from "[all] the angles," Upshaw contended, and he questioned why the Board member who reviewed the video had looked at the images from a camera facing him and not from a second camera mounted above him that faced Brown. The warden denied this appeal. Upshaw's appeal to the final reviewing authority also was rejected.

Upshaw then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He claimed that the Board had impeded his right to present evidence by not watching the video from "all angles" or letting him watch the video himself. He also contended that the Board had lacked sufficient evidence to find him guilty. The district court denied Upshaw's petition, explaining that the video had been taken from a "fixed angle" and showed only the other inmate's back, and thus was unhelpful to Upshaw. The court also found that the minimum requirement of "some evidence" of guilt was met in Upshaw's case by the guards' reports and the video, which the hearing officer had viewed and summarized.

On appeal Upshaw presses his claim that the Board's refusal to let him see the video infringed his right to present evidence. He also asserts that the Board failed to establish a valid security justification for denying him access to the video, but this latter contention was not presented to the district court and thus is waived. *See Johnson v. Hulett*, 574 F.3d 428, 432 (7th Cir. 2009); *Pole v. Randolph*, 570 F.3d 922, 939–40 (7th Cir. 2009). Upshaw has abandoned his claim about the sufficiency of the evidence.

Before a disciplinary board revokes an inmate's earned credit time or lowers his credit-earning class, the inmate must receive due process, which includes advance written notice of the charge, an opportunity to present testimony and other evidence at a hearing before an impartial decision-maker, and a written explanation for the decision that is supported by "some evidence." *Wolff v. McDonnell*, 418 U.S. 539, 564–66 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Pannell v. McBride*, 306 F.3d 499, 502 (7th Cir. 2002). Prison administrators must disclose material, exculpatory evidence—including surveillance videos—to ensure that the accused inmate can present his best defense and that the decision-maker considers all relevant evidence. *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *Piggie*, 344 F.3d at 678. Disclosure may be limited, however, if prison administrators establish a bona fide security justification for refusing the inmate access to the evidence—for instance, the inmate might learn the location or capabilities of the camera, jeopardizing prison safety. *See Jones*, 637 F.3d at 848–49; *Piggie*, 344 F.3d at 679.

Based on this exception to disclosure, Upshaw is not entitled to relief under § 2254. A member of the Board viewed the video and provided Upshaw a written summary of what it showed, but the Board concluded that security considerations justified refusing Upshaw personal access to the video. It is too late now, as we have noted, for Upshaw to raise a challenge to the validity of the security justification. The Board's refusal to disclose this evidence, even if it conceivably was exculpatory, did not violate Upshaw's right to due process. *See Jones*, 637 F.3d at 848–49; *Piggie*, 344 F.3d at 679.

**AFFIRMED**.