In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 15-3881

VOLNEY MCGHEE,

*Petitioner-Appellant,*

*v.*

CAMERON WATSON, Warden,

*Respondent-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 706 — **John Robert Blakey**, *Judge.*

_____

ARGUED SEPTEMBER 7, 2017 — DECIDED AUGUST 17, 2018

_____

Before WOOD, *Chief Judge*, and BAUER and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. In 2002 an Illinois jury convicted Volney McGhee of murder and attempted murder after he shot two men outside a Chicago gas station. McGhee's defense attorney asked the trial judge to poll the jury after the guilty verdict was read. The judge said, "[a]ll right," but inexplicably did not conduct the poll. Instead, he simply thanked the jurors and dismissed them. That was error: In

Illinois a criminal defendant "has the absolute right to poll the jury after it returns its verdict." *People v. McGhee*, 964 N.E.2d 715, 719 (Ill. App. Ct. 2012). Yet defense counsel did not object when the judge moved directly to his closing remarks without conducting the poll. Nor did he raise the issue in a posttrial motion. McGhee's appellate lawyer likewise failed to challenge the error on direct review.

McGhee's conviction was affirmed on appeal and in state collateral review. He then sought habeas relief under 28 U.S.C. § 2254. The district judge denied the petition. On appeal McGhee raises three claims under *Strickland v. Washington*, 466 U.S. 668 (1984), related to the judge's failure to poll the jury: (1) his trial counsel was ineffective for failing to object to the judge's jury-polling error; (2) his appellate counsel was ineffective for failing to raise the judge's error on appeal; and (3) his appellate counsel was ineffective for failing to challenge trial counsel's failure to preserve the polling error.

McGhee's first two claims are waived because he did not present them in his § 2254 petition. The third is procedurally defaulted. McGhee failed to present it through one complete round of state-court review, and the ineffective assistance of postconviction counsel is not cause to excuse a defaulted claim that appellate counsel was constitutionally ineffective. *Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017). We therefore affirm the judgment.

## I. Background

In March 1999 Melvin Thornton and Michael Hopson were shot outside a gas station in Chicago. Thornton died from his wounds but Hopson survived. He and another

eyewitness later identified McGhee as the shooter and McGhee's red Oldsmobile as the getaway car. Hopson also reported that McGhee used a .40-caliber pistol to shoot him and Thornton. A forensic expert confirmed that a bullet and five casings recovered at the scene were .40 caliber and the casings were fired from the same weapon.

McGhee was charged with the murder of Thornton and the attempted murder of Hopson. A jury found him guilty on both counts. After the clerk read the verdict, McGhee's counsel stated: "I want them polled, Judge." The judge responded, "[a]ll right," but then simply thanked the jurors and dismissed them without conducting the poll. McGhee's counsel neither objected nor raised the mistake in a posttrial motion. The judge imposed concurrent prison sentences of 30 and 40 years.

On direct appeal McGhee raised several claims, but he did not challenge the judge's polling error. The state appellate court affirmed, and McGhee petitioned the Illinois Supreme Court for leave to appeal. Again he did not raise the jury-polling issue. The state supreme court denied the petition, and the U.S. Supreme Court denied McGhee's subsequent petition for certiorari.

McGhee then filed a pro se postconviction petition in state court, which he later amended with the aid of counsel. The amended petition raised several issues, including the three claims he raises in this appeal: (1) trial counsel was constitutionally ineffective for failing to object to the judge's polling error; (2) appellate counsel was ineffective for failing to raise the judge's error on direct appeal; and (3) appellate counsel was ineffective for failing to challenge trial counsel's

ineffectiveness for failing to preserve the error. The judge dismissed the petition without an evidentiary hearing.

McGhee appealed on several grounds but raised only the second claim regarding the polling error: he argued that appellate counsel was ineffective for failing to raise the trial judge's error on direct review. *See McGhee*, 964 N.E.2d at 719. The Illinois Appellate Court rejected the claim on the merits, reasoning that the unpreserved error did not satisfy Illinois's plain-error doctrine. *Id.* The appellate court also expressly noted that McGhee "does not argue that his trial counsel was ineffective for failing to preserve the issue." *Id.* at 720 n.2. The appellate court thus affirmed the dismissal of McGhee's petition.

McGhee once again sought review in the Illinois Supreme Court, this time including all three postconviction claims related to the polling error. The court declined review. McGhee followed up with a second petition, which was returned to him unfiled.

McGhee then moved his case to federal court, filing a pro se § 2254 petition raising three grounds for relief. Only the third ground dealt with the jury-polling error: McGhee alleged that appellate counsel was ineffective for failing to challenge trial counsel's ineffectiveness for failing to preserve the error. The district judge concluded that this claim was procedurally defaulted and the two unrelated claims lacked merit. He accordingly denied relief and declined to issue a certificate of appealability. McGhee timely appealed.

We granted a certificate of appealability on the issue of "the denial of [McGhee's] right to effective assistance of appellate counsel in not raising both the trial court's failure

to poll the jury and trial counsel's failure to challenge that error." We later amended the certificate to include "the performance of his trial counsel on any ground preserved in the state system."

## II. Discussion

On appeal McGhee raises three *Strickland*-based claims, each related to the trial judge's failure to poll the jury. He argues that (1) his trial counsel was constitutionally ineffective for failing to preserve the judge's polling error; (2) his appellate counsel was ineffective for failing to raise the judge's error on direct appeal; and (3) his appellate counsel was ineffective for failing to challenge trial counsel's ineffectiveness for failing to preserve the error.

The State argues that McGhee waived the first two claims and we agree. To preserve these claims, McGhee first needed to present them to the district judge in his § 2254 petition. *See Johnson v. Hulett*, 574 F.3d 428, 432 (7th Cir. 2009). He was not required to articulate the claims with lawyerly precision because we construe pro se petitions "liberally." *Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th. Cir. 2014). Even when liberally construed, however, McGhee's petition did not present these claims for relief.

The petition alleged only one claim related to the jury-polling error: "Appellate counsel's performance was deficient because he did not raise the issue of trial counsel's ineffectiveness in failing to preserve the polling issue for appeal." McGhee never alleged that trial counsel was ineffective for failing to preserve the judge's error or that appellate counsel was ineffective for failing to raise the judge's error on direct appeal. These are separate and independent

*Strickland*-based claims. *See Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) ("[A]n assertion that one's counsel was ineffective for failing to pursue particular constitutional issues is a claim separate and independent of those issues."). McGhee's failure to raise them in his § 2254 petition is a waiver.

McGhee responds that he alleged facts related to both claims and that should be sufficient to preserve them. We disagree. The petition recites that McGhee's state-court petition for collateral relief alleged that the "trial court erred in not polling the jury," that "appellate counsel was ineffective for not raising the issue," and that "trial counsel was ineffective for not preserving the error for review." Read in context, however, these statements merely describe McGhee's state-court petition in an effort to show that his third ground for § 2254 relief—the claim his habeas petition *actually* raised—was adequately presented in state court. The statements are not distinct claims for relief.

McGhee also points out that he invoked *Strickland* as the proper legal standard for ineffective-assistance-of-counsel claims. Simply citing *Strickland* is not enough. McGhee had to articulate *how* his counsel failed him in order to alert the district judge and the State of the specific grounds for relief under § 2254.

Finally, McGhee notes that the first and second claims "were apparent from the record and his [state-court] petition for postconviction relief." But McGhee needed to present them to the district judge in his § 2254 petition. Having failed to do so, he may not raise them here. *See Johnson*, 574 F.3d at 433.

That leaves McGhee's third claim: that his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness regarding the polling error. This claim *was* squarely presented in McGhee's § 2254 petition. It nevertheless fails because it was procedurally defaulted. A habeas petitioner "must assert his federal claim through one complete round of state court review, either on direct review or in post-conviction proceedings." *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013) (citing *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009)). McGhee failed to raise this claim either on direct appeal or in his postconviction appeal, so the claim is procedurally defaulted.

McGhee maintains that his postconviction appellate brief adequately raised the claim. There he specifically raised only appellate counsel's failure to challenge the judge's jury-polling error and unrelated errors by trial counsel. He argued that "the trial court's failure to poll the jury upon request was an error so fundamental it required a reversal of [his] convictions" and cited to the record where trial counsel failed to object to the judge's error. Finally, in his reply brief, McGhee faulted his appellate counsel in nonspecific, conclusory terms "for not adequately challenging trial counsel's representation and failing to raise issues [that] would have resulted in reversal of [his] convictions and a new trial."

None of these statements adequately presented this claim to the state appellate court. McGhee had to do more than generally allege ineffective assistance of counsel or broadly challenge the underlying jury-polling issue. *Johnson*, 574 F.3d at 432 ("A bare mention of ineffective assistance is not sufficient to avoid a procedural default … ."); *Pole*, 570 F.3d at 937–38 ("Simply referring to the gunshot residue test, of

course, is not enough to preserve" the issue of counsel's failure to present the test.). He needed to present both the operative facts and the legal principles that control the claim in a manner that would sufficiently alert the state court to the issue. *Hicks v. Hepp*, 871 F.3d 513, 530–31 (7th Cir. 2017); *see also Johnson*, 574 F.3d at 431; *Pole*, 570 F.3d at 934. He did not do so. It's worth repeating that the state appellate court specifically noted that McGhee "does not argue that his trial counsel was ineffective for failing to preserve the issue." *McGhee*, 964 N.E.2d at 720 n.2. Trial counsel's ineffectiveness on this issue was *neither* a stand-alone *Strickland* claim *nor* a factual basis for appellate counsel's ineffectiveness.

In a last-ditch effort to save this claim, McGhee argues that the procedural default should be excused because his postconviction counsel was constitutionally ineffective for failing to raise this claim. After this appeal was briefed, however, the Supreme Court held that ineffective assistance of postconviction counsel does not provide cause to excuse the procedural default of claims challenging the ineffective assistance of appellate counsel. *Davila*, 137 S. Ct. at 2063. In light of *Davila*, McGhee's fallback argument cannot succeed.

AFFIRMED.

WOOD, *Chief Judge*, concurring in the judgment. While I agree with my colleagues that Volney McGhee's petition for a writ of habeas corpus under 28 U.S.C. § 2254 must be denied, I reach that result for narrower reasons than they. I would rest more heavily on procedural default than waiver, and I would draw a distinction between the standards that apply to our consideration of the proceedings in the state courts and those that apply to our review of the district court. Although that distinction does not call for a different result in the present case, it may be important in the future.

As the majority notes, McGhee is raising layered claims about one underlying error: the state trial judge's failure to poll the jury after it returned its verdict. At the first layer, McGhee asserts that his trial lawyer rendered ineffective assistance of counsel, as that is understood by *Strickland v. Washington*, 466 U.S. 668 (1984), when he failed to object to this omission at the crucial time. Second, he argues that his appellate counsel was ineffective for failing to raise the trial court's error in failing to poll the jury as a point on appeal. Finally (layer three), he argues that his appellate counsel was ineffective for failing to argue that *trial* counsel was ineffective for failing to complain about the missing poll. The majority concludes that the first two arguments were waived and the third was procedurally defaulted.

*Claim One*. My colleagues hold that McGhee failed entirely to present in the district court his claim that trial counsel was ineffective for failing to complain about the lack of a poll, in which case there is a full-blown waiver of the point. I regard this as a close question. But bearing in mind the rule that *pro se* filings are "to be liberally construed," I would not saddle McGhee with waiver. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This court was willing to issue a certificate of appealability for McGhee on all three facets of his polling claim, after all. In the same spirit, I would approach this case from the standpoint of procedural default, based on McGhee's failure adequately to present this point at the state appellate level.

At the post-conviction stage in the state trial court, McGhee clearly raised the argument that trial counsel was ineffective for failing to challenge the court's failure to poll the jury. In the state appellate court, however, he confined himself to a complaint about his appellate counsel. Then, in his petition for leave to appeal before the Illinois Supreme Court, he raised all three points that are now before us. In his handwritten petition before the federal district court in the current proceedings, however, he was once again inconsistent. A straightforward reading of his headings indicates that he was complaining only about his appellate counsel's ineffective assistance for failing to raise the polling issue on appeal. Supplemental Appendix ("SA") 6. But later in the petition, he challenges the state appellate court's understanding that he was *not* arguing about the effectiveness of his trial counsel. SA 36. McGhee contended that he did raise the claim about trial counsel and insisted that it was not defaulted. SA 37. It is far more likely that he failed to recognize the nuances among these different claims and thought that he was presenting everything that he needed to both the state courts and the federal court. Compare *Malone v. Walls*, 538 F.3d 744, 753–55 (7th Cir. 2008) (holding that petitioner exhausted claim of trial counsel's ineffectiveness even though he specifically asserted only appellate counsel's ineffectiveness). Still, McGhee's failure to raise this claim in his state-court appeal precludes our review.

Though in narrow instances procedural default can be over-come, McGhee has failed to make the necessary showing—that is, cause and prejudice. See *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In this connection, I believe that it is important to distin-guish between the clarity with which a petitioner raises his arguments before the state courts and the standard that ap-plies to a petition under 28 U.S.C. § 2254 in the federal district court. The Supreme Court has held that the state courts should not have to dig through the record to find each claim a petitioner might be trying to press. See *Baldwin v. Reese*, 541 U.S. 27, 31 (2004). In deference to the state courts, federal courts must therefore pay close attention to the "fair present-ment" aspect of a habeas corpus petition and reject as proce-durally defaulted any claims that are not properly presented. If a state court has no idea that a particular claim is being raised, it has no reason to address that claim. The same comity concern does not apply once we reach the federal-court stage. There, the rules governing *pro se* petitions come into play, and the federal court has more leeway to structure its own pro-ceedings.

*Claim Three.* My colleagues find this claim to be procedur-ally defaulted. I agree with them on that point, and to that extent I join the opinion.

For these reasons, I concur in the judgment of the court.