In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1507

JOSEPH WILBORN,

*Petitioner-Appellant*,

*v.*

ALEX JONES, Acting Warden,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 C 05469 — **John Robert Blakey**, *Judge.*

ARGUED DECEMBER 2, 2019 — DECIDED JULY 6, 2020

Before SYKES, *Chief Judge*, and BAUER and EASTERBROOK,
*Circuit Judges*.

BAUER, *Circuit Judge.* An Illinois jury convicted Joseph
Wilborn for the murder of a rival gang member in Chicago. In
opening statements, Wilborn's defense attorney told the jury
it would hear from his codefendant, Cedrick Jenkins, identify-
ing him as the actual shooter. During the trial, Jenkins indi-

cated his testimony would no longer be favorable to Wilborn. Defense counsel, with Wilborn's approval, did not call Jenkins to the stand. Wilborn filed for *habeas corpus* relief, alleging ineffective assistance of counsel. The district court denied his petition and he appealed. We consider whether trial counsel performed deficiently and caused cognizable prejudice when he told the jury in opening statements that Wilborn's co-defendant would testify but then declined to call Jenkins as a witness. For the following reasons, we affirm.

## I.  BACKGROUND

On July 28, 2004, Emmit Hill ("the victim") followed rival gang members Wilborn and Jenkins into a gangway near 63rd Street between Wabash and Michigan Avenues, in Chicago, Illinois. Witnesses heard multiple gunshots and found the victim murdered.

Police located and arrested Wilborn and Jenkins. A jury found Wilborn guilty of first-degree murder and he was sentenced to 30 years, plus 25 years for personally discharging a firearm. Wilborn appealed and the Illinois Appellate Court affirmed the conviction. The Illinois Supreme Court granted and then ultimately denied Wilborn's petition for leave to appeal.

Wilborn then filed a petition with the United States District Court for the Northern District of Illinois. He claimed that trial counsel's promises during opening arguments amounted to ineffective assistance of counsel. Trial counsel indicated multiple times that Jenkins would testify to shooting the victim. However, as the trial progressed, Jenkins changed his proposed testimony and defense counsel determined Jenkins

would no longer be credible. Wilborn agreed with this recommendation on the record.

## II. DISCUSSION

We review the district court's decision to deny a *habeas corpus* petition for ineffective assistance of counsel under the *de novo* standard. *Taylor v. Bradley*, 448 F.3d 942, 948 (7th Cir. 2006). The federal courts as a whole engage in "doubly deferential" review of ineffective assistance claims when § 2254(d) applies, as it does here. See *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In other words, Wilborn must show either clearly established Supreme Court precedent or an unreasonable application in the State court proceeding.

"The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to

produce just results." *Strickland v. Washington*, 466 U.S. 668, 685 (1984). In order to prevail in an ineffective assistance of counsel claim, "defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687.

Wilborn is relying on § 2254(d)(1) as well as (d)(2). The only Supreme Court decision Wilborn relies on is *Strickland*, arguing that when counsel refers to someone during opening statements, that person must then be called. Yet this has not stopped Wilborn from making a "contrary to" argument under § 2254(d)(1). The problem is that this relies only on our Court, particularly *Hampton v. Leibach*, 347 F.3d 219, 257 (7th Cir. 2003). Although we think highly of our own decisions, we are not the Supreme Court. See also *Kernan v. Cuera*, 138 S. Ct. 4 (2017) (summarily reversing a court of appeals for relying on circuit precedent).

Wilborn's representation did not contain serious errors amounting to deprivation of a fair trial. Indeed, unforeseen situations may arise during trial. During opening statements, counsel reasonably believed that Jenkins would testify to shooting the victim, exculpating Wilborn. While Jenkins originally indicated his testimony would be favorable to Wilborn, Jenkins later changed his story multiple times. Counsel determined Jenkins' testimony to be unreliable and consulted with Wilborn. Wilborn agreed on the record that it was best not to call Jenkins.

Counsel's failure to present Jenkins to the jury or present testimonial evidence does not rise to the level of prejudice under *Strickland*. Promising the jury it will hear testimony that

Wilborn did not participate in the crime does not necessarily create prejudice. The record reflects that Jenkins' testimony wavered multiple times and could have been more of a hindrance to Wilborn. Furthermore, counsel discussed the issue with Wilborn and made a record of the issue in open court, where Wilborn agreed with the decision. Therefore, according to *Strickland*, Wilborn failed to show counsel's performance was deficient or how it deprived him of a fair trial.

We next consider whether the State court's decision resulted from reasonably applied facts in light of the evidence presented. Here, Wilborn fails the *Strickland* requirements for demonstrating prejudice. He fails to "present both the operative facts and the legal principles that control the claim in a manner that would sufficiently alert the state court to the issue." *McGhee v. Watson*, 900 F.3d 849, 854 (7th Cir. 2018).

The state appellate court concluded that Wilborn could not demonstrate ineffective assistance of counsel on the merits. Wilborn has not presented sufficient facts or legal principles to show his counsel's performance fell below the objective standard of reasonableness. We find the Illinois state court's application was reasonable.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the denial of Wilborn's *habeas corpus* relief.